**WO**                                                                                           RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Valenzuela Castro, | No. CV 08-255-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Valdivia, et al., | |
| Defendants. | |

Pending before this Court is Plaintiff's "First Amended Complaint" (Doc. #9) (Amended Complaint) and "Motion For Appointment Of Counsel Civil Rights Jury Trial Demanded" (Doc. #10).

The Court will deny Plaintiff's Motion and dismiss the Amended Complaint without leave to amend for failure to state a claim upon which relief may be granted.

## I.    Procedural Background

On February 11, 2008, Plaintiff Ruben Valenzuela Castro, who is confined in the Arizona State Prison Complex-Eyman (ASPC-Eyman), filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). Plaintiff did not pay the $350.00 civil action filing fee but filed a certified Application to Proceed *In Forma Pauperis* which did not include a certified six-month trust account statement.

By Order filed March 21, 2008 (Doc. #3), the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* without prejudice. Plaintiff was given 30 days to either

pay the $350.00 filing fee or file a new, completed Application to Proceed *In Forma Pauperis*.

On May 7, 2008, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. #4), which the Court granted by Order filed September 2, 2008 (Doc. #6). The Court's Order also assessed an initial partial filing fee of $10.20 and dismissed the Complaint (Doc. #1) for failure to state a claim. Plaintiff was given 30 days from the date the Order was signed to file a first amended complaint in compliance with the Order.

By Order filed September 4, 2008 (Doc. #8), this case was reassigned to the undersigned Judge effective September 8, 2008.

On September 26, 2008, Plaintiff filed his Amended Complaint (Doc. #9).

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints and amended complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Amended Complaint will be dismissed for failure to state a claim, without leave to amend.

## III.  Amended Complaint

With regard to his Amended Complaint, Plaintiff should take notice that all causes of action alleged in an original complaint that are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically

asserted in Plaintiff's Amended Complaint with respect to only those Defendants specifically named in the Amended Complaint.

Named as Defendants in the Amended Complaint are: (1) Valdivia, Transportation Officer; (2) Joe Arpaio, Head Director of the Maricopa County Jail; (3) DeWitt, Transportation Officer, Maricopa County Jail; (4) Moore, Escort Officer, Maricopa County Jail; (5) LaHaie, Transportation Officer, Maricopa County Jail; (6) Guy, Classification Officer, Maricopa County Jail; (7) Unknown Detention Officers, Maricopa County Court at Phoenix, Arizona; and (8) Unknown Classification Officer, Female Classification Counselor at the Maricopa County Jail.

Plaintiff alleges four counts for relief in his Amended Complaint. In Count I, Plaintiff claims that his Eighth Amendment rights were violated when he was assaulted by an inmate after being escorted from court and placed in a cell with other inmates. In Count II, Plaintiff alleges that his Eighth Amendment rights were violated when Defendant LaHaie practiced medicine without a license and was involved in a "cover-up." In Count III, Plaintiff claims that his Eighth Amendment rights were violated when Defendant Moore repeatedly told Plaintiff that if he ran, Defendant Moore would shoot him. In Count IV, Plaintiff claims that his Eighth Amendment rights were violated when Defendant Guy and Unknown Classification Officers only gave him the choice of going to the General Population or Protective Custody and were involved in a "cover-up" of the actual date that he signed the "paper-work" to go to Protective Custody.

**IV.    Dismissal of Defendants**

To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of the widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct.

1  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City
2  Department of Social Services, 436 U.S. 658, 691 (1978); Williams v. Cash, 836 F.2d
3  1318, 1320 (11th Cir. 1988).

4  There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat*
5  *superior*, and, therefore, a defendant's position as the supervisor of persons who
6  allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436
7  U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird
8  Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

9  Although Plaintiff names Valdivia, Joe Arpaio, and Dewitt as Defendants in the
10 Amended Complaint, he has not described any specific conduct by any of these
11 Defendants that violated Plaintiff's constitutional rights and led to his injuries.
12 Accordingly, Defendants Valdivia, Arpaio, and DeWitt are subject to dismissal from this
13 action for failure to state a claim upon which relief may be granted.

14 **V.  Failure to State a Claim**

15 **A.  Count I**

16 In Count I, Plaintiff claims that his Eighth Amendment rights were violated when
17 he was assaulted by an inmate after being escorted from court and placed in a cell with
18 other inmates. Plaintiff alleges that after being picked up from the Meadows Unit, a "sex-
19 offender yard" at ASPC-Eyman, he was placed in the back of a van, where he was
20 separated from other inmates, was transported to the Maricopa County Jail, where he was
21 placed in a Nature-Of-Charges (N.O.C.) cell with other sex-offenders, and was later
22 escorted by an "Unknow[n] Name detention officer" to a "Probation Violation" hearing.
23 Plaintiff further alleges that after the hearing he was with a group of 20 inmates when
24 another "Unknow[n] Name officer" said to "come with us." Plaintiff alleges that once he
25 was placed in a cell he was "sucker punch[ed]" on his side by one of the inmates from
26 which he had been separated while he was transported from ASPC-Eyman to the
27 Maricopa County Jail and that he suffered cuts to his forehead, nose, and the inside of his
28 mouth, resulting in the loss of "lots of blood" and requiring about 13 stitches.

1  A prison official violates the Eighth Amendment in failing to protect an inmate
2 only when two conditions are met.  First, the alleged constitutional deprivation must be,
3 objectively, "sufficiently serious;" the official's act or omission must result in the denial
4 of "the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S.
5 825, 834 (1994).  Second, the prison official must have a "sufficiently culpable state of
6 mind," *i.e.*, he must act with deliberate indifference to inmate health or safety.  Id.  In
7 defining "deliberate indifference" in this context, the Supreme Court has imposed a
8 subjective test: "the official must both be aware of the facts from which the inference
9 could be drawn that a substantial risk of serious harm exists, and he must also draw the
10 inference."  Id. at 837 (emphasis added).
11  Deliberate indifference is a higher standard than negligence or lack of ordinary due
12 care for the prisoner's safety.  Id. at 835.  A merely negligent failure to protect an inmate
13 is not actionable under § 1983.  Davidson v. Cannon, 474 U.S. 344, 347 (1986).
14  Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
15 520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey
16 v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).
17 Further, a liberal interpretation of a civil rights complaint may not supply essential
18 elements of the claim that were not initially pled.  Id.
19  In Count I, Plaintiff has not alleged that any of the Defendants were deliberately
20 indifferent to his safety.  Plaintiff is merely alleging that an "Unknow[n] Name detention
21 officer," who was escorting him to court, lost track of him after the hearing, and that
22 another "Unknow[n] Name officer" rounded him up with a group of 20 inmates who had
23 finished with court and apparently placed them all in a cell where one of the inmates
24 unexpectedly hit Plaintiff.  Plaintiff alleges no facts to indicate that either officer was
25 aware that a serious risk of harm existed with regard to Plaintiff's safety.  At most
26 Plaintiff's allegations constitute negligence, which is not actionable under the Eighth
27 Amendment.
28  Accordingly, Count I will be dismissed for failure to state a claim upon which

1 relief may be granted.

2     **B.    Count II**

3     In Count II, Plaintiff alleges that his Eighth Amendment rights were violated when
4 Defendant LaHaie practiced medicine without a license and was involved in a "cover-
5 up." Plaintiff alleges that after a doctor stitched up the open cuts on his face and mouth
6 and told Plaintiff that he was going to do some x-rays of his head to measure for a
7 concussion, Defendant LaHaie kept saying that "there wasn't really nothing wrong with
8 [his] head." After telling Plaintiff that he was going to talk to the doctor to see if he really
9 needed "one," Plaintiff alleges that Defendant LaHaie came back and said "you don't
10 need one at all." Presumably, Defendant LaHaie was talking about whether or not
11 Plaintiff needed an x-ray.

12     Although Plaintiff makes the conclusory allegation in Count II that Defendant
13 LaHaie was practicing medicine without a license, the facts as alleged do not support his
14 claim. It appears that Defendant LaHaie only told Plaintiff he did not need an x-ray after
15 talking to the doctor. Moreover, none of Defendants LaHaie's actions as alleged by
16 Plaintiff rises to the level of the deliberate indifference required to state a claim under the
17 Eighth Amendment. See Jett v. Penner, 439 F.3d 1091 (9th Cir. 2006) (to state a claim
18 under the Eighth Amendment for prison medical care, a prisoner must allege "deliberate
19 indifference to serious medical needs") (citing Estelle v. Gamble, 429 U.S. 97, 104
20 (1976)).

21     Also, Plaintiff's allegations that Defendant LaHaie was somehow involved in a
22 "cover-up" are too conclusory and vague to state a viable Eighth Amendment claim. See
23 Ivey, 673 F.2d at 268.

24     Accordingly, Plaintiff's Count II will be dismissed for failure to state a claim upon
25 which relief may be granted.

26     **C.    Count III**

27     In Count III, Plaintiff claims that his Eighth Amendment rights were violated when
28 Defendant Moore repeatedly told Plaintiff that if he ran, Defendant Moore would shoot

- 6 -

1  him. Plaintiff alleges that Defendant Moore should have been there to protect him, not
2  threaten him.
3        Verbal harassment or abuse is insufficient to state a claim under the Eighth
4  Amendment. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Even threats of
5  bodily injury are insufficient to state a claim under the Eighth Amendment. Gaut v. Sunn,
6  810 F.2d 923, 925 (9th Cir.1987).
7        Accordingly, Count III will be dismissed for failure to state a claim upon which
8  relief may be granted.
9      **D.     Count IV**
10        In Count IV, Plaintiff claims that his Eighth Amendment rights were violated when
11  Defendants Guy and Unknown Classification Officers only gave him the choice of going
12  to the General Population or Protective Custody and were involved in a "cover-up" of the
13  actual date that he signed the "paper-work" to go to Protective Custody. Plaintiff alleges
14  that he signed the "paper-work" on February 18, 2008, not on February 17, 2008 as
15  "they" said he did. Plaintiff appears to be alleging that he should have been offered the
16  choice of going to N.O.C., where Plaintiff contends he would have gotten "better" help.
17        Plaintiff's claim that his Eighth Amendment rights were somehow violated by not
18  being given the classification choice of going to N.O.C. must fail because
19  "misclassification does not itself inflict pain within the meaning of the Eighth
20  Amendment." Hoptowit v. Ray, 682 F.2d 1237, 1256 (9th Cir. 1982). Plaintiff's claim
21  that his Eighth Amendment rights were violated by a "cover-up" of the actual date he
22  signed the "paper-work" must also fail because Plaintiff has not shown how the alleged
23  "cover-up"was sufficiently serious enough to rise to the level of cruel and unusual
24  punishment under the Eighth Amendment. See Farmer, 511 U.S. at 834.
25        Accordingly, Count IV will be dismissed for failure to state a claim upon which
26  relief may be granted.
27  **VI.    Dismissal of Amended Complaint Without Leave to Amend**
28        For the above reasons, the Amended Complaint will be dismissed for failure to

1 state a claim upon which relief may be granted. In so doing, the Court notes that the
2 Amended Complaint is similar to Plaintiff's original Complaint which the Court dismissed
3 with leave to amend.

4 Leave to amend need not be given if a complaint as amended is subject to
5 dismissal. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).
6 The Court's discretion to deny leave to amend is particularly broad where Plaintiff has
7 previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v.
8 United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous
9 amendments is one of the factors to be considered in deciding whether justice requires
10 granting leave to amend. Moore, 885 F.2d at 538.

11 Plaintiff has been given an opportunity to amend his original Complaint to cure the
12 deficiencies and appears unable to do so. Further opportunities would be futile.
13 Therefore, the Court, in its discretion, will dismiss the Amended Complaint and this
14 action without leave to amend.

### VII. Motion for Appointment of Counsel

16 On September 26, 2008, Plaintiff filed a "Motion For Appointment Of Counsel
17 Civil Rights Jury Trial Demanded" (Doc. #10). There is no constitutional right to
18 appointment of counsel in a civil case. See Ivey, 673 F.2d at 269; Randall v. Wyrick, 642
19 F.2d 304 (8th Cir. 1981). The appointment of counsel under 28 U.S.C. § 1915(e)(1) is
20 required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d
21 1015, 1017 (9th Cir. 1991).

22 A determination with respect to exceptional circumstances requires an evaluation
23 of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his
24 claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these
25 factors is dispositive and both must be viewed together before reaching a decision." Id.
26 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

27 Having considered both elements, it does not presently appear that exceptional
28 circumstances are present that would require the appointment of counsel in this case.

1  Accordingly, Plaintiff's Motion will be denied.

2  **IT IS ORDERED:**

3  (1) Plaintiff's "Motion For Appointment Of Counsel Civil Rights Jury Trial
4  Demanded" (Doc. #10) is **denied**.

5  (2) The Amended Complaint (Doc. #9) and this action **are dismissed for**
6  **failure to state a claim upon which relief may be granted**, and the Clerk of Court **must**
7  **enter** judgment accordingly.

8  (3) The Clerk of Court **must make an entry** on the docket stating that the
9  dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

10  DATED this 21st day of October, 2008.

*G. Murray Snow*
G. Murray Snow
United States District Judge